IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge S. Kato Crews**

Civil Action No. 1:21-cv-00449-CNS-SKC

HEATHER DEJAGER and HEIDI DEJAGER,

  Plaintiffs,

v.

STATE FARM FIRE & CASUALTY INSURANCE COMPANY,

  Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS'
MOTION TO COMPEL DISCOVERY AND
FOR SANCTIONS PURSUANT TO F.R.C.P. 37**

---

  This matter is before the Court after the presiding district judge referred Plaintiffs' Motion to Compel Discovery and for Sanctions Pursuant to F.R.C.P. 37. Plaintiffs claim Defendant violated the Court's order to timely attend its own deposition. [Dkt. 68.] Defendant opposes the Motion. [Dkt. 72.]

  The Court has carefully reviewed the Motion, Defendant's response in opposition, Plaintiffs' reply, the case docket and applicable law. No hearing is necessary. Thus, the Court **partially GRANTS** and **partially DENIES** the Motion for the reasons stated below.

### I. Procedural Background

  The Court summarizes the relevant facts as follows: this case involves a first-party property insurance claim. Defendant insured Plaintiffs' residential property

1

under a homeowners insurance policy. [Dkt. 5 p. 2.] In July 2019, a hailstorm damaged Plaintiffs' roof. [*Id.*] Plaintiffs submitted a claim with Defendant for payment of covered benefits to repair the damage, but Defendant denied the claim. [*Id.* at 4.] Plaintiffs brought this lawsuit asserting claims for breach of contract, bad faith breach of an insurance contract, and in violation of Colo. Rev. Stat. §§ 10-3-1115 and -1116.[1] [*Id.* at 7.]

When discovery began, Plaintiffs deposed Defendant's claims manager, Drew Aguilar. [Dkt. 68-3.] Thereafter, and in anticipation of Defendant's Fed. R. Civ. P. 30(b)(6) deposition, Plaintiffs sent Defendant their proposed Rule 30(b)(6) topics and asked to schedule the deposition. [Dkt. 68-5.] Defendant responded by objecting to some of the proposed topics, and the parties set the deposition for March 25, 2022. [*Id.* at p. 4.]

After a discovery hearing over the disputed Rule 30(b)(6) deposition topics, the Court ordered Defendant to produce one or more corporate designees to testify about Topic 10 (limited to Plaintiffs' underwriting documents 1-10) and to be completed by April 7, 2022. [Dkt. 67 p. 1.] The Court then amended the Scheduling Order by resetting the discovery cut-off deadline to April 7, 2022, and "for the sole purpose of taking the 30(b)(6) deposition and the 2 remaining lay witness depositions." [*Id.* at p. 2.] Consequently, Plaintiffs served Defendant with their Rule 30(b)(6) deposition notice. [Dkt. 68 p. 4.] Defendant had previously designated Aguilar as its corporate designee to testify at the March deposition. [Dkt. 68-5 p. 1.]

---

[1] Plaintiffs filed their complaint on January 22, 2021. [Dkt. 5.]

However, the day before the scheduled Rule 30(b)(6) deposition, Defendant informed Plaintiffs that Aguilar would not be providing testimony on Topic 10, and that it would reschedule another corporate representative for that topic before the Court's April 7, 2022, deadline. [*Id.*] Plaintiffs then asked Defendant for more information about that other corporate representative, but Defendant did not respond. [*Id.*] The next day, on March 25, Plaintiffs took the Rule 30(b)(6) deposition with Aguilar serving as the sole corporate designee. But Aguilar did not testify as to Topic 10 from Plaintiffs' deposition notice. [Dkt. 68-6.]

On May 16, 2022, and after Plaintiffs filed the current Motion, the Court ordered Defendant's additional corporate designee be deposed by June 15, 2022, and took under advisement Plaintiffs' request to sanction Defendant.[2] [Dkts. 69, 77.]

## II. Discussion

### A. Motion to Compel

Plaintiffs' Motion, in part, asks the Court to "compel Defendant to produce an updated claims log demonstrating Defendant's claims handling up to the close of discovery on April 7, 2022." At the outset, Plaintiffs concede they improperly filed the motion to compel because they did not ask the Court for permission to file it as per the magistrate judge's Civil Practice Standards. *See* SKC Civil Practice Standards, Discovery Disputes 3(c) ("When all parties are represented by counsel, and to avoid unnecessary and expensive motions practice, a party **may not** file an opposed discovery motion without first complying with these discovery dispute procedures.")

---

[2] Plaintiffs filed the Motion seeking sanctions on April 7, 2022. According to Plaintiffs, the second Rule 30(b)(6) deposition occurred on April 21, 2022. [Dkt. 75 p. 10.]

3

(Emphasis added.). Nor did Plaintiffs attempt to comply with the Court's practice standards after they had new or additional information about the timing of Defendant's claims handling on March 25, 2022. Instead, Plaintiffs improperly notified the Court of their discovery dispute by filing the Motion on April 7, 2022, despite having ample opportunity to follow its practice standards by raising the issue between March 25 and April 7.

Therefore, because Plaintiffs failed to properly comply with the Court's civil practice standards, the portion of the Motion seeking to compel discovery from Defendant is stricken.

### B. Motion for Sanctions

Plaintiffs' Motion also requests the following sanctions:

1. Defendant and/or its attorneys to pay Plaintiffs' reasonable attorney fees incurred in conferring on this issue and in bringing this Motion;

2. Defendant be prohibited from supporting a defense that damage on the Plaintiffs' roof pre-existed the hailstorm and/or was caused by normal wear and tear, and therefore is not covered under the subject insurance Policy and Defendant be prohibited from introducing any evidence to that effect; and,

3. Directing that the following designated facts be taken as established for purposes of the action:

   a. Plaintiffs roof demonstrates damage.

   b. The damage to Plaintiffs' roof did not pre-date the subject hailstorm.

   c. Prior to the subject hailstorm, Plaintiffs' roof was in good condition and was fully insured by Defendant.

[Dkt. 68 pp. 10-11.]

Federal Rule of Civil Procedure 37 allows a court to impose fees and costs for sanctionable actions against a party for improperly resisting discovery requirements under Rule 26(a).[3] Fed. R. Civ. P. 37(a)(1); *see Freddie v. Marten Transp., Ltd.*, 428 F. App'x 801, 803 (10th Cir. 2011) (generally, discovery-related sanctions are "permissible to protect the integrity of the judicial process . . . "). Specifically, a court may impose sanctions if a party fails to properly comply with discovery rules or attend the party's own deposition. Fed. R. Civ. P. 37(3) and (d)(1)(A). Furthermore, if the accused party provides the requested discovery *after* the motion's filing, the Court must then require that party or its counsel (or both) to incur the aggrieved party's reasonable expenses for having filed the motion, including attorney fees. Fed. R. Civ. P. 37 (2)(A)(i)-(iv); (d)(3).

Given these circumstances, the Court finds Defendant's conduct is sanctionable and warrants an award of reasonable attorney's fees. Notably, Defendant conceded it failed to properly comply with the Court's order to produce its Rule 30(b)(6) corporate designee(s) and complete the deposition by April 7, 2022. And its failure is manifest. Defendant produced Aguilar as its only designee for the Rule 30(b)(6) deposition on March 25, and he was either unprepared or refused to provide testimony concerning Topic 10. That day, Defendant produced no other corporate

---

[3] Magistrate judges may award attorney fees as non-dispositive discovery sanctions under 28 U.S.C. § 636. *See Hutchinson v. Pfeil*, No. 98-cv-5043, 1999 WL 1015557, at *2 (10th Cir. Nov. 9, 1999); *see also GWN Petroleum Corp. v. OK–Tex Oil & Gas, Inc.*, 998 F.2d 853, 858 (10th Cir.1993) (applying the abuse of discretion standard to a district court's discovery rulings); *see generally Xyngular v. Schenkel*, 890 F.3d 868, 875 (10th Cir. 2018) ("The imposition of sanctions is one of many matters within a trial court's broad discretion.").

designee capable of testifying on that topic. In the Court's view, Defendant's conduct is the equivalent of a failure to appear at its own deposition.

Moreover, not only did Defendant violate the Court's prior order, but it also needlessly augmented these proceedings by causing Plaintiffs to file a discovery motion and seek an extension of time to complete a second deposition. In turn, the Court had to convene *yet another* discovery hearing and issue *yet another* order to complete the Rule 30(b)(6) deposition by extending, *again*, its discovery deadline. *Cf. Parker Excavating, Inc. v. LaFarge W., Inc.*, No. 14-cv-01534-LTB-MJW, 2015 WL 12967852, at *1 (D. Colo. Jul. 27, 2015) (following a party's sanctionable actions on discovery, under Rule 37, a court ordered the responsible party to pay the aggrieved party's reasonable fees and costs). Moreover, Defendant's failure to properly comply with the Court's discovery orders and applicable rules is neither substantially justified nor do any other circumstances render an award of attorney's fees unjust. Fed. R. Civ. P. 37(a)(5)(A).

Defendant argues Plaintiffs are partially at fault because they "did not follow up" to reschedule the Rule 30(b)(6) deposition until the evening of April 6, 2022, and rejected its offer to file a motion to extend the deadline. [Dkt. 72 pp. 3, 4.] But Defendant admitted to never "get[ting] back to Plaintiffs" in March to reset the deposition, and that it was "unable to identify the designee and provide a date until the day after the [April] deadline." [*Id.*] Thus, the Court is unpersuaded Plaintiffs had any responsibility to remind Defendant to reschedule its own Rule 30(b)(6) deposition and comply with the Court-ordered deadline. Moreover, Defendant also

6

admitted it knew it needed another "witness other than Mr. Aguilar . . . on the underwriting topic[,]" and had previously "confirmed it intended to produce a 30(b)(6) witness by April 7, 2022." [*Id.*]

Therefore, Plaintiffs' request for an award of reasonable expenses, including attorney's fees associated with the Motion is **GRANTED**.[4] **IT IS ORDERED** that:

1. Plaintiffs' Motion is **GRANTED** insofar as it seeks sanctions related to Defendant's failure to timely appear for the Rule 30(b)(6) deposition, and **DENIED** insofar as it seeks to compel additional discovery from Defendant;

2. Defendant shall pay Plaintiffs' reasonable expenses incurred, including attorney's fees, for filing the Motion and taking the Rule 30(b)(6) deposition on April 21, 2022; and,

3. Plaintiffs shall file a motion for attorney's fees supported by an affidavit of fees and expenses.

Regarding Plaintiffs' additional request that Defendant be prohibited from introducing certain evidence at trial for untimely disclosing relevant evidence, the Court finds it is more efficient for the parties to raise the matter with the presiding district judge as an oral or written motion in limine due to the imminency of trial. *See* Fed. R. Civ. P. 1. Similarly, Plaintiffs' other relief (requesting an order directing

---

[4] By ordering Defendant to pay Plaintiffs' reasonable expenses, the Court finds Plaintiffs made multiple reasonable efforts to obtain discovery. As well, the facts do not support other circumstances exist to make a monetary award against Defendant as "substantially unjustified." *See* Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii); *Poitra v. Sch. Dist. No. 1 in the Cnty. of Denver*, 311 F.R.D. 659, 668 (10th Cir. 2015) (the non-moving party has the burden of showing they were substantially justified in failing to comply with applicable rules and finding no reasonable basis in law or fact showing the party's failure to disclose was substantially justified).

7

certain facts be taken as established) is akin to an adverse inference instruction. Therefore, and for the same reasons, the Court also finds it is optimal for the parties to raise this request directly with the presiding district judge considering the potentially dispositive nature of the relief sought. *Id.*

DATED: December 22, 2022.

BY THE COURT:

_____
S. Kato Crews
United States Magistrate Judge
