IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 1:21-cv-00449-CNS-SKC

HEATH and HEIDI DEJAGER,

    Plaintiffs,

v.

STATE FARM FIRE & CASUALTY COMPANY,

    Defendant.

---

## ORDER DENYING DEFENDANT'S UNOPPOSED MOTION TO VACATE [DKT. 111]

---

Before the Court on referral is Defendant's Unopposed Motion to Vacate the Court's Order Granting in Part and Denying in Part Plaintiff's Motion to Compel Discovery and for Sanctions Pursuant to Fed. R. Civ. P. 37. [Dkt. 111.] Defendant says the parties' recent settlement includes their resolution of the fees and costs the Court awarded Plaintiff after sanctioning Defendant for discovery violations. [*Id.* at p. 2]

The Court, after reviewing the Motion, related briefing, case docket, and applicable law, DENIES the Motion for the reasons discussed below.

## PERTINENT FACTS

The Court sanctioned Defendant under Fed. R. Civ. P. 37(a)(1), after it failed to timely produce one or more corporate designees to provide testimony on a specific topic noticed for a scheduled Rule 30(b)(6) deposition. Defendant's failure also violated this Court's order to complete the Rule 30(b)(6) deposition by a specified deadline. [Dkt. 67.] Defendant effectively conceded its violation. [Dkt. 72 p. 1.]

Because Defendant's action needlessly augmented the case proceedings, the Court granted Plaintiff's request to sanction Defendant for that failure. The Court's Order issued on December 22, 2022, explains its decision to sanction Defendant. [Dkt. 95.]

On January 3, 2023, the parties notified the Court they settled this matter. [Dkt. 108.] Defendant then filed the current Motion explaining that, despite the parties' continued disagreement about the facts resulting in the Court's order to sanction Defendant,

> [T]he parties have reached a settlement agreement with respect to all claims in this case. As part of the settlement, the parties have agreed that all parties will pay their own fees and costs incurred, including any fees that could potentially have been awarded pursuant to the Order.
>
> Had the parties not reached a settlement of the claims in this case, Defendant intended to object to the Order pursuant to Fed. R. Civ. P. 72(a) and, if necessary, appeal the order.

[Dkt. 111 p. 2, ¶¶ 2-3.]

## LEGAL PRINCIPLES AND ANALYSIS

When litigants seek to vacate court orders because they settled the case, courts are not quick to oblige. *Okla. Radio Assocs. v. F.D.I.C.*, 3 F.3d 1436, 1444 (10th Cir. 1993) ("[A]ll of the active judges of this court approve of . . . the overruling of our prior precedents to the extent that they indicate that a settlement agreement by the parties may oblige us to withdraw our opinions.") (cleaned up). This is partly because "[c]ourts recognize that a 'policy of permitting litigants to use the settlement process as a means of obtaining the withdrawal of unfavorable precedents is fraught with the potential for abuse.'" *Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, No. 09-cv-00970-PAB-KMT, 2014 WL 4057118, at *3 (D. Colo. Aug. 14, 2014) (citing *Okla. Radio Assocs.,* 3 F.3d at 1444).

Judicial orders are considered public acts of the government "which may not be expunged by private agreement[,]" that other courts may benefit from in their persuasive value. *See Okla. Radio Assocs.,* 3 F.3d at 1444, 1437 ("[W]e are seriously troubled by the effort here, made for whatever reason, to cause the withdrawal of an opinion of this court and the nullification of its precedential effect."); *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994) ("Judicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur.") (cleaned up); *Predator Int'l, Inc.*, 2014 WL 4057118, at *3 ("The court's resolution of the parties' dispute over

3

sanctions, memorialized in an order, has potential value to the public that the parties may not simply appropriate in the course of their negotiations."); *In re Mem'l Hosp. of Iowa Cnty, Inc.*, 862 F.2d 1299, 1302 (7th Cir. 1988) ("A party who thumbs his nose at the orderly processes of the court cannot expect to escape notice; and having attracted notice the litigant may not escape his desert by dismissing the case or walking away.").

While courts favor settlements, that favoritism "did not vest in the parties to this case the authority to decide which judicial orders they wish to remain good law." *Predator Int'l*, 2014 WL 4057118, at *3; *Okla. Radio Assocs.*, 3 F.3d at 1440 ("We find no rationale given in our prior opinions or orders justifying the vacatur of prior opinions of this court on request of a party or parties to a settlement."). And Defendant has not explained why the public interest would be served by vacating a properly entered court order in this case. *Predator Int'l*, 2014 WL 4056578, at *4 ("[N]ot only did the parties fail to identify why it was in the interest of justice to vacate a properly entered order as a condition of a settlement agreement, but I have never vacated an order as a condition of settlement."); *City of Aurora, Colo. v. PS Sys., Inc.*, No. 07-cv-02371-PAB-BNB, 2010 WL 2670819, at *1 (D. Colo. July 2, 2010) ("[T]he Court disagrees that the overriding public policy is in favor of vacating an otherwise valid court order because one or more of the parties, after settlement, finds that order inconvenient.").

Since the public has no say in the parties' private agreement, it "falls to the Court to have 'at heart the interests of other litigants in future cases, and hold them

4

equal in weight with the interests of today's.'" *Predator Int'l*, 2014 WL 4057118, at *3 (citation omitted). And while "future litigants would still be able to read the Court's sanctions order even if it were vacated, vacatur would 'cloud[ ] and diminish the significance' of the Court's holding." *Id.*

Courts in this district have routinely refused to allow settling parties to rewrite the docket for the benefit of litigators chagrined by orders appearing there. *See e.g.*, *Benavides v. Jackson Nat. Life Ins. Co.*, 820 F. Supp. 1284, 1289 (D. Colo. 1993) ("Vacatur allows disappointed litigators effectively to rewrite history. Vacatur allows them to control the direction and content of the jurisprudence—to weed out the negative precedent and preserve the positive—and create an artificially weighty and one-sided estimate of what comprises 'the case law.'"); *Merrill v. Cont. Freighters, Inc.*, No. 1:19-cv-02309-CMA-SKC, 2021 WL 4990304, at *3 (D. Colo. Oct. 27, 2021), *objections overruled*, 2022 WL 1102527 (D. Colo. Apr. 13, 2022) ("This Court does not find the parties' voluntary settlement is a sufficient basis for vacating its prior orders granting sanctions and awarding fees.").

Given the circumstances, the Court is not persuaded vacating its prior order serves the public interest.[1] *See Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1142-43 (10th Cir. 2010) (applying the abuse of discretion standard to a district court's decision denying vacatur in consideration of the public interest). "Settlements are, by definition, attributable to the parties and not happenstance."

---

[1] While Defendant did not raise Fed. R. Civ. P. 60(b), the Court finds no basis in that rule for vacating its prior order either.

5

*Okla. Radio Assocs.*, 3 F.3d at 1439. Accordingly, the parties' settlement and the agreement between them to pay their own fees and costs is insufficient to support vacating the Court's prior order sanctioning Defendant for its discovery violations. *See Lillard v. Sunflower Farmers Mkt., Inc.*, No. 12-CV-1497-JLK, 2013 WL 3943639, at *2 (D. Colo. July 31, 2013) ("Here, vacatur is not warranted because the parties voluntarily forfeited their legal remedies by choosing to settle.").

Therefore, the Motion is **DENIED**.

DATED: January 13, 2023.                BY THE COURT:

                                        _____
                                        S. Kato Crews
                                        United States Magistrate Judge